Jeffrey Dillon (admitted)
Daniel Pickett (admitted)
Joseph K. Powers (pending pro hac vice)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendants*
*ACE American Insurance Company*
*and ACE USA, a Non-Justiciable Party*

**TRIAL BY JURY IS DEMANDED**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MAIN STREET TITLE &
SETTLEMENT SERVICES, LLC,

                    Plaintiff,

   -against-

ACE AMERICAN INSURANCE
COMPANY, ACE USA (Improperly
Pled), JOHN & JANE DOES 1-100;
and XYZ CORPS. 1-100, XYZ LLCS.
1-100.

                    Defendants

Civil Action Number:
2:10-cv-06410-JLL-CCC

## ANSWER, AFFIRMATIVE DEFENSES & JURY DEMAND

Defendants ACE American Insurance Company and ACE USA, a non-justiciable party, (collectively "ACE American") by their attorneys Sedgwick, Detert, Moran & Arnold LLP, answers the complaint of plaintiff Main Street Title & Settlement Services ("Main Street") as follows:

NY/629187v11

1.     The allegations in paragraph "1" of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations and refers the Court to the actual Policy for the nature and scope of the coverage afforded thereunder.

2.     The allegations in paragraph "2" of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations and refers the Court to the actual Policy for the nature and scope of the coverage afforded thereunder.

3.     ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "3" of the complaint dealing with the time that Main Street was served with the Palumbo summons and complaint and therefore denies them. ACE American denies Main Street's characterizations of the allegations of the complaint in the Palumbo Action refers the Court to the actual complaint for the contents thereof.

4.     Upon information and belief, ACE American denies the allegations appearing in paragraph "4" the complaint.

5.     Upon information and belief, ACE American denies the allegations appearing in paragraph "5" the complaint.

6.     Upon information and belief, ACE American denies the allegations appearing in paragraph "6" the complaint except admits that during the Palumbo litigation, her attorney produced a letter dated December 11, 2008 that made a formal claim for monetary damages against Main Street.

7.     ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "7" of the complaint and therefore denies them.

8.     ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "8" of the complaint and therefore denies them.

9.     ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "9" of the complaint and therefore denies them.

10.     Upon information and belief, ACE American denies Main Street's allegation contained in paragraph "10" of the complaint asserting that it never received the December 11, 2008 letter.  ACE American lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

11.     Upon information and belief, ACE American denies the allegations appearing in paragraph "11" the complaint.

12.     ACE American denies the allegations appearing in paragraph "12" the complaint except admits that it disclaimed coverage and withdrew from the defense of Main Street in the Palumbo litigation when it discovered evidence that the Palumbo "Claim" had been made prior to the inception of the Policy.

13.     The allegations in paragraph "13" of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

14.    The allegations in paragraph "14" of the complaint state legal conclusions as to which no response is required.    To the extent a response is deemed to be required, ACE American lacks knowledge and information sufficient to form a belief as to their truth and therefore denies them.

15.    The allegations in paragraph "15" of the complaint state legal conclusions as to which no response is required.    To the extent a response is deemed to be required, ACE American lacks knowledge and information sufficient to form a belief as to their truth and therefore denies them.

16.    ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "16" of the complaint and therefore denies them.

17.    ACE American lacks knowledge and information sufficient to form a belief as to the truth of the allegations appearing in paragraph "17" of the complaint and refers the Court to the transcript of Palumbo's deposition for the contents thereof.

## AS TO THE FIRST COUNT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

18.    ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "17" of the complaint as if set forth at length herein.

19.    The allegations in paragraph "19" of Count One of the complaint state legal conclusions as to which no response is required.    To the extent a response is deemed to be required, ACE American denies the allegations upon information and belief.

NY/629187v1                                                4

20.   The allegations in paragraph "20" of Count One of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

21.   The allegations in paragraph "21" of Count One of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

22.   The allegations in paragraph "22" of Count One of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count One of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE SECOND COUNT FOR NEGLIGENCE

23.   ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "22" of the complaint as if set forth at length herein.

24.   The allegations in paragraph "24" of Count Two of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

25.   The allegations in paragraph "25" of Count Two of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

26.    The allegations in paragraph "26" of Count Two of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Two of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE THIRD COUNT FOR EQUITABLE ESTOPPEL, WAIVER AND DETRIMENTAL RELIANCE

27.    ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "26" of the complaint as if set forth at length herein.

28.    The allegations in paragraph "28" of Count Three of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Three of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE FOURTH COUNT FOR UNJUST ENRICHMENT

29.    ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "28" of the complaint as if set forth at length herein.

30.    The allegations in paragraph "30" of Count Four of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

31.     The allegations in paragraph "31" of Count Four of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Four of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE FIFTH COUNT FOR CONSTRUCTIVE FRAUD

32.     ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "31" of the complaint as if set forth at length herein.

33.     The allegations in paragraph "33" of Count Five of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Five of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE SIXTH COUNT FOR BREACH OF FIDUCIARY DUTY

34.     ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "33" of the complaint as if set forth at length herein.

35.     The allegations in paragraph "34" of Count Six of the complaint state legal conclusions as to which no response is required.   To the extent a response is deemed to be required, ACE American denies the allegations.

36.    The allegations in paragraph "35" of Count Six of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Six of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE SEVENTH COUNT FOR COMMON LAW FRAUD

37.    ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "36" of the complaint as if set forth at length herein.

38.    The allegations in paragraph "38" of Count Seven of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

39.    The allegations in paragraph "39" of Count Seven of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

40.    The allegations in paragraph "40" of Count Seven of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

41.    The allegations in paragraph "41" of Count Seven of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

42.     The allegations in paragraph "42" of Count Seven of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Seven of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE EIGHTH COUNT FOR CONSUMER FRAUD

43.     ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "42" of the complaint as if set forth at length herein.

44.     The allegations in paragraph "44" of Count Eight of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

45.     The allegations in paragraph "45" of Count Eight of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

46.     The allegations in paragraph "46" of Count Eight of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

47.     The allegations in paragraph "47" of Count Eight of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Eight of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE NINTH COUNT FOR COMMON LAW UNCONSCIONABILITY

48.     ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "47" of the complaint as if set forth at length herein.

49.     The allegations in paragraph "49" of Count Nine of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

50.     The allegations in paragraph "50" of Count Nine of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

51.     The allegations in paragraph "51" of Count Nine of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

**WHEREFORE**, ACE American demands judgment dismissing Count Nine of the complaint with prejudice, together with costs, attorney's fees and such other relief as the Court may deem equitable and just.

## AS TO THE TENTH COUNT FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH

52.     ACE American repeats and reiterates each and every response it has made to paragraphs "1" through "51" of the complaint as if set forth at length herein.

53.     The allegations in paragraph "53" of Count Ten of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

54.     The allegations in paragraph "54" of Count Ten of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

55.     The allegations in paragraph "55" of Count Ten of the complaint state legal conclusions as to which no response is required.  To the extent a response is deemed to be required, ACE American denies the allegations.

## AFFIRMATIVE DEFENSES

ACE American asserts the affirmative defenses set forth below.  By pleading these affirmative defenses, ACE American does not intend and shall not be deemed to alter the burden of proof and/or the burden of persuasion that otherwise exists with respect to any issues in this action.  All affirmative defenses are alleged in the alternative and do not constitute an admission of liability or that plaintiff is entitled to any relief whatsoever.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it fails to establish full compliance with all terms and conditions of the Policy.

### Third Affirmative Defense

Ace American issued ACE Advantage Miscellaneous Professional Policy No. MPB G2366320A 001 to MST Holding, Inc. covering the period from January 6, 2009 to January 6, 2010 (the "Policy"). Main Street Title & Settlement Services, Inc. ("Main Street") is named as an additional insured under Endorsement No. 8 [Additional Insured Endorsement]. The Policy provides errors and omissions coverage up to a limit of $1,000,000 each claim and $2,000,000 in the aggregate subject to a $15,000 retention each claim.

### Fourth Affirmative Defense

The preamble to the Declarations contains the following statement: "THIS POLICY IS A CLAIMS MADE AND REPORTED POLICY.   EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD." The Insuring Agreement of the Policy further provides that ACE American will pay on behalf of the Insured all sums in excess of the Retention that the Insured shall become legally obligated to pay as *Damages* and *Claims Expenses* because of a *Claim* first made against the *Insured* and reported to the *Company* during the *Policy Period* by reason of a *Wrongful Act* committed on or subsequent to the *Retroactive Date* and before the end of the *Policy Period*. The Term "Claim" is defined to include "a written demand against any *Insured* for monetary or non-monetary damages". Upon information and belief, the Palumbo claim was first made against Main Street on or around December 11, 2008, which was prior to the inception of the Policy.

### Fifth Affirmative Defense

Pursuant to Exclusion K. in the Policy, ACE American shall not be liable for *Damages* or *Claims Expenses* on account of any *Claim* alleging, based upon, arising out of, or attributable to any *Wrongful Act* committed prior to the beginning of the *Policy Period*, if, on or before the effective date of the Policy, the *Insured* knew or reasonably could have foreseen that such *Wrongful Act* would result in a *Claim*. Upon information and belief, plaintiff knew or reasonably could have foreseen that the alleged *Wrongful Act* of transferring the Palumbo loan proceeds to a joint account would result in a *Claim*.

### Sixth Affirmative Defense

The plaintiff's claims are or may be barred under the Policy to the extent that it is determined that the insured misrepresented or failed to disclose material facts in connection with applying for the Policy, including but not limited to its knowledge of the Palumbo matter as constituting a claim or potential claim.

### Seventh Affirmative Defense

Upon information and belief, the vice president and corporate counsel of MST Holding, Inc. ("MST") executed a Warranty and Representation Letter on January 6, 2009 in favor of ACE American in which he represented and warranted, after inquiry of all of the directors and officers of MST and its subsidiaries, on behalf of MST and its subsidiaries, that there has not been nor is there now pending any claims, suits, actions or investigations against any person or entity proposed for insurance under the Policy and that no person or entity proposed for insurance under the Policy has knowledge or information of any act, error or omission which might give rise to a claim, suit or action under the Policy, with the exception of disclosed claims that did not include

the Palumbo claim.  The warranty further provided that it was understood and agreed that if any undisclosed claims, suits, actions, knowledge or information were later found to exist, then such claims, suits or actions, and any claims, suits or actions arising therefrom or arising from such knowledge or information would be excluded from coverage under the Policy.  Upon information and belief, the plaintiff breached the above warranty, thus excusing ACE American's performance under the Policy.

### Eighth Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it fails to establish that it has exhausted the $15,000 self-insured retention under the Policy.

### Ninth Affirmative Defense

The plaintiff's claims are or may be barred to the extent that any judgment or settlement in the Palumbo litigation includes elements of loss that do not constitute covered "Damages", as that term is defined in the Policy.

### Tenth Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it seeks coverage under the Policy for conduct that does not constitute a "Wrongful Act", as that term is defined in the Policy.

### Eleventh Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it seeks coverage under the Policy for conduct that does not constitute Wrongful Acts "in the performance of or failure to perform 'Professional Services'", as that term is defined in the Policy.

### Twelfth Affirmative Defense

The plaintiff's claims are or may be barred under the Policy to the extent that it is determined that the plaintiff has breached a duty of good faith and fair dealing owed to ACE American.

### Thirteenth Affirmative Defense

ACE American has fulfilled any and all contractual obligations owed to the plaintiff under the Policy.

### Fourteenth Affirmative Defense

The plaintiff's claims are or may be barred under the Policy to the extent that it is determined that the claims asserted against ACE American in the complaint are not ripe for disposition insofar as they seek hypothetical future contingent relief.

### Fifteenth Affirmative Defense

The Policy is subject to and limited by its terms, conditions, definitions, limits of liability, retentions, underlying limits, and exclusions, as well as those terms, conditions, definitions, limits of liability, retentions and exclusions that may operate to bar or limit coverage for some or all of the amounts for which the plaintiff seeks coverage of which ACE American is presently unaware.  ACE American reserves the right to affirmatively raise other terms, conditions, definitions, limits of liability, retentions, underlying limits, and exclusions from the ACE American Policy as defenses to coverage in the future.

NY/629187v1                              **15**

## Sixteenth Affirmative Defense

The plaintiff's claims are or may be barred to the extent that the doctrines of unclean hands, waiver, estoppel, set-off, ratification, res judicata, statutory or contractual limitations periods, or laches are applicable.

## Seventeenth Affirmative Defense

ACE American reserves the right to amend this answer and to assert additional defenses upon the completion of further investigation and discovery.

## Ei hteenth Affirmative Defense

"ACE USA" is a trade name and is a non-juridical party that lacks the capacity to be sued in a court of law.

## Nineteenth Affirmative Defense

"ACE USA" is not a party to any insurance contracts, including the Policy.

## Twentieth Affirmative Defense

ACE American acted in good faith in the handling and disposition of plaintiff's claim under the Policy.

## Twenty-First Affirmative Defense

The grounds upon which ACE American issued its disclaimer to Main Street were, at a minimum, "reasonably debatable."

## Twenty-Second Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it has failed to plead common law fraud with the requisite particularity.

### Twenty-Third Affirmative Defense

The plaintiff's claims are or may be barred to the extent that it has failed to plead fraud under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, et seq., with the requisite particularity.

### Twenty-Fourth Affirmative Defense

The plaintiff's claims for specific performance are or may be barred to the extent that remedies are available at law.


WHEREFORE, ACE American Insurance Company respectfully asks that this Court enter judgment in its favor and against the plaintiff, dismiss the plaintiff's claims against ACE American, and award ACE American its attorney's fees and costs and such other relief as this Court may deem appropriate.

Dated: New York, New York
      January 3, 2011

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____
    Jeffrey Dillon (admitted)
    Daniel Pickett (admitted)
    Joseph K. Powers (pending pro hac vice)
    125 Broad Street, 39th Floor
    New York, New York 10004-2400
    Telephone: (212) 422-0202
    Facsimile: (212) 422-0925
    *Attorneys for Defendant ACE American Insurance*
    *Company and ACE USA, a Non-Juridical Party*

To:   The Law Offices of Robert G. Ricco, Esq.
      811 Westwood Avenue
      River Vale, New Jersey 07675
      Tel.: 201-497-6524
      *Attorneys for Plaintiff*